UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-08-49-B-W |
| | ) | |
| MARCO ESTRADA-SANCHEZ | ) | |

**ORDER ON MOTIONS TO DISMISS COUNT FIVE OF THE INDICTMENT**

Facing a charge of aggravated identity theft under 18 U.S.C. § 1028A, Marco Estrada-Sanchez moves to dismiss the charge, arguing that he did not commit an enumerated felony under the statute and that the Government has failed to provide evidence that he knew the false identification belonged to another person. The Court concludes that the possession of an illegal permanent resident card is an enumerated felony under § 1028A(c) and that the knowledge requirement of § 1028A(a)(1) does not extend to the defendant's understanding as to whether the false identification belonged to another person.

**I.     STATEMENT OF FACTS**

On March 12, 2008, a federal grand jury indicted Marco Estrada-Sanchez for five alleged violations of federal criminal law. *Indictment* (Docket # 9). On April 7, 2008, Mr. Estrada-Sanchez filed two separate motions to dismiss Count Five of the Indictment. *Def.'s Mot. to Dismiss Count 5 of Indictment for Failure to State an Offense* (Docket # 18) (*Def.'s First Mot.*); *Mot. to Dismiss Count 5 of Indictment as Disc. Indicates a Failure of Proof as to an Essential Element of the Crimes Charged* (Docket # 19) (*Def.'s Second Mot.*). Count Five charges aggravated identity theft:

> From about October 8, 2007 to about December 21, 2007, in the District of Maine, the defendant Marco Estrada Sanchez did knowingly possess and use, without lawful authority, the means of identification of other persons, namely,

alien registration number 098-678***, during and in relation to a violation of Title 18, United States Code, Section 1546(a)(Possession of Fraudulent Immigration documents), as set out in Count One of this indictment and Social Security account number 2*****467, during and in relation to a violation of Title 42, United States Code, Section 408(a)(7)(B)(Social Security Fraud), as set out in Count Three of this indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1) & (c)(7) & (11).

*Indictment* at 2-3.

Mr. Estrada-Sanchez's first motion to dismiss is based on an alleged failure to state an offense as regards his possession of fraudulent immigration documents.  *Def.'s First Mot.*  Mr. Estrada-Sanchez quotes § 1028A(a)(1):  "Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years."  18 U.S.C. § 1028A(a)(1).  He notes that the statute defines "felony violation enumerated in subsection (c)" as the following:  "For purposes of this section, the term "felony violation enumerated in subsection (c)" means any offense that is a felony violation of . . . any provision contained in chapter 75 (relating to passports and visas)."  18 U.S.C. § 1028A(c)(7).  Mr. Estrada-Sanchez observes that Count One of the Indictment alleges that he possessed an illegal permanent resident card.  Even though the possession of an illegal permanent resident card falls under chapter 75, Mr. Estrada-Sanchez argues that the parenthesis "(relating to passports and visas)" limits the predicate felonies within chapter 75 to those involving passports or visas.  As a permanent resident card is neither a passport nor visa, he reasons that he does not come within § 1028A(c)(7) and, therefore, cannot be charged under § 1028A(a)(1).  The basis for Mr. Estrada-Sanchez's second motion is more simply stated.  It addresses a failure of proof as to what he says is the second element of the

crime – that the defendant knew the means of identification he possessed belonged to another person. *Def.'s Second Mot.* at 2.

## II.    DISCUSSION

### A.    Whether Possession of an Illegal Permanent Resident Card Is a Predicate Felony Violation Under § 1028A(c)(7)

The language critical to this issue is the parenthetical in § 1028A(c)(7): "(7) any provision contained in chapter 75 (relating to passports and visas)."  18 U.S.C. § 1028A(7). Does the parenthetical "relating to passports and visas" limit the provisions in chapter 75 that are considered predicate felonies, or is it merely a descriptive reference to the entire chapter?

The analysis starts with the language and design of the statute.  The statute, entitled "aggravated identity theft," creates a mandatory two year consecutive prison term for persons convicted of "any felony violation enumerated in subsection (c)."  *Id.* § 1028A(a)(1).  Subsection (c) lists eleven subsections of predicate felonies, ranging from specific sections – e.g. 18 U.S.C. § 911 – to whole chapters – e.g. chapter 63.  Whenever the statute refers to another section, it contains a parenthesis identifying the section; for example, "section 641 (relating to theft of public money, property, or rewards)."  *Id.* § 1028A(c)(1).  Whenever the statute refers to a chapter, it contains a parenthesis identifying the chapter; for example, "any provision contained in chapter 63 (relating to mail, bank and wire fraud)."  *Id.* § 1028A(c)(5).

The language and structure of the statute strongly suggest that the parentheses were intended to describe the chapter, not limit the predicate felonies within the chapter.  First, the statutory language listing each chapter states:  "any provision contained in chapter . . . ."  *See, e.g.*, *id.* § 1028A(c)(4).  If Congress wished to limit the applicable sections within the chapter, it would have listed the specific provisions, as it did elsewhere within subsection (c), and not used the inclusive language "any provision."  Second, if the parenthetical description limits the

predicate felonies, the statute would contain a series of anomalies, including some crimes and omitting others within the same chapter without any apparent logic.  For example, in chapter 63, the parenthesis "relating to mail, bank and wire fraud" would capture a number of sections within the chapter, but would omit health care fraud and securities fraud as predicate felonies. 18 U.S.C. §§ 1347, 1348.

Here, the language reads:  "any provision contained in chapter 75 (relating to passports and visas)."  18 U.S.C. § 1028A(c)(7).  Chapter 75 itself is entitled "passports and visas," a fact that further supports the descriptive nature of the contents of the parenthetical.  Within chapter 75, there are four provisions addressing passports.  18 U.S.C. §§ 1541-1545.  These, under Mr. Estrada-Sanchez's analysis, would be predicate felonies.  There is only one additional criminal provision section – § 1546, the one Mr. Estrada-Sanchez has been charged under Count One of the Indictment.[1]  This section criminalizes the knowing forgery, counterfeiting, altering or falsely making of "any immigrant or nonimmigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States . . . ."  18 U.S.C. § 1546(a).  Mr. Estrada-Sanchez's argument would necessarily include § 1546(a), but only as it applies to visas, not as it applies to any other listed document.  This argument would thus excise from the statute any immigration document, including any permits, border crossing cards, alien registration receipt cards, or any other document, from the operation of § 1028A.  It is difficult to conceive of a rational policy basis for such an ungenerous and impractical reading of the statute.  After all, the harm the statute is designed to capture is harm to individuals whose identities have stolen, and that harm is not limited to individuals whose visa identification information has been stolen.

---

[1] Chapter 75 contains an additional section, § 1547, but it is strictly a penalty provision.  18 U.S.C. § 1547.

Case law does not support Mr. Estrada-Sanchez's position.  The United States Supreme Court has interpreted the phrase "relating to" in federal legislation as signaling an expansive intent.  *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (stating that "[t]he ordinary meaning of ["relating to"] is a broad one – 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with'").  In 1999, the Fifth Circuit engaged in an extended discussion of the legislative use of parentheticals and concluded that a "parenthetical is, after all, a parenthetical, and it cannot be used to overcome the operative terms of the statute."  *United States v. Monjaras-Castaneda*, 190 F.3d 326, 330 (5th Cir. 1999) (quoting *Cabell Huntington Hosp., Inc. v. Shalala*, 101 F.3d 984, 990 (4th Cir. 1996)).  Finally, addressing a similar issue involving § 1028A, Judge Hornby rejected the argument that the parenthetical language in § 1028A(c)(11) was restricting, concluding that "it is clear from parallel parentheticals in other subsections that the language is merely descriptive, not limiting." *United States v. Thuo*, No. 07-57-P-H, 2007 U.S. Dist. LEXIS 69923, at *2 (D. Me. Sept. 20, 2007).

The Court concludes that § 1028A(c)(7) includes the possession of an illegal permanent resident card as charged in Count One as a potential predicate felony to its enhanced penalty provisions for aggravated identity theft.

**B.     Whether to Sustain a Conviction Under § 1028A(a)(1) the Government Must Prove that the Defendant Knew That the Means of Identification He Possessed Belonged to Another Person**

Mr. Estrada-Sanchez next argues that the Indictment must be dismissed because the Government cannot prove that he knew the permanent resident card charged in Count One and the social security account number charged in Count Three belonged to another person. [2]  The

---

[2] Mr. Estrada-Sanchez brings his claim as a motion to dismiss the indictment, asserting that the Government cannot prove that he knew that the identification belonged to another person.  A court should exercise its authority to

statute reads in pertinent part: "Whoever . . . knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another shall . . . ."  18 U.S.C. § 1028A(a)(1).  In effect, Mr. Estrada-Sanchez contends that the term "knowingly" applies not simply to his possession of the identification, but also to his understanding as to whether the means of identification was of another person.

This issue has not been resolved in the First Circuit.  In *Jimenez*, the First Circuit alluded to the question in a footnote and noted "without comment, that other courts have generally construed the knowledge requirement of 18 U.S.C. § 1028A to extend only to knowledge that one lacks the lawful authority to use a means of identification, and not to require knowledge that the means of identification belongs to another."  *United States v. Jimenez*, 507 F.3d 13, 17 n.3 (1st Cir. 2007).

The question, however, has been considered in this District.  In *Godin*, Judge Hornby ruled that the term "knowingly" does not extend to the defendant's knowledge that the means of identification belonged to another person.[3]  *United States v. Godin*, 489 F. Supp. 2d 118, 119-21 (D. Me. 2007).  Judge Hornby's ruling is generally consistent with the case law in other jurisdictions, despite a substantial minority in favor of the Defendant's position, including at least one circuit court.  *Compare United States v. Mendoza-Gonzalez*, 520 F.3d 912, 917-18 (8th

---

dismiss cautiously, since to dismiss an indictment 'directly encroaches upon the fundamental role of the grand jury.'"  *See United States v. Booker*, No. CR-08-19-B-W (June 2, 2008) (quoting *United States v. Thomas*, 519 F. Supp. 2d 141, 143-44 (D. Me. 2007)).  "Under Federal Rule of Criminal Procedure 12(b)(3)(B), a defendant may not rely on facts which are extrinsic to the Indictment in arguing that the Indictment does not charge an offense."  *United States v. Murillo*, 2008 U.S. Dist. LEXIS 19568, at *3-4 (N.D. Iowa Mar. 13, 2008).  Here, the Indictment itself provides "the elements of the offense charged and fairly informs a defendant of the charge against him."  *Id.* at *4 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

    At the same time, the Government does not dispute Mr. Estrada-Sanchez's claim that the Government cannot prove that he knew that the identification documents were a means of identification of another.  The Court considers Mr. Estrada-Sanchez's legal question, but makes no judgment on the Government's evidence of his *mens rea*.

[3] Judge Hornby also concluded that the term knowingly extended not only to "transfers, possesses, or uses," but also to "without lawful authority," a question not before this Court.  *Godin*, 489 F. Supp. 2d at 120.  Judge Hornby's decision in *Godin* has been appealed to the First Circuit and is awaiting decision.

Cir. 2008) (finding that § 1028A does not require the defendant knew that the means of identification belonged to another), *United States v. Hurtado*, 508 F.3d 603, 610 (11th Cir. 2007) (same), *and United States v. Montejo*, 442 F.3d 213, 216 (4th Cir. 2006) (same), *with United States v. Villanueva-Sotelo*, 515 F.3d 1234 (D.C. Cir. 2008) (finding that § 1028A requires that the defendant knew that the identification belonged to another), *United States v. Hairup*, No. 2:07-CR-566, 2008 U.S. Dist. LEXIS 12548, at *15-16 (D. Utah Feb. 19, 2008) (finding "that the word 'knowingly,' as used in § 1028A(a)(1), modifies the entire indivisible predicate: 'transfers, possesses, or uses, without lawful authority, a means of identification of another person'"), *and United States v. Salazar-Montero*, 520 F. Supp. 2d 1079, 1094 (N.D. Iowa 2007) (finding that "the 'knowledge' requirement in § 1028A(a)(1) *does* require proof that the defendant knew that the means of identification that he used belonged to another person").

Courts have marshaled impressive grammatical arguments to support their conclusions. *Compare Montejo*, 442 F.3d at 215, *with Villanueva-Sotelo*, 515 F.3d at 1242-43. Ultimately, however, the Court concludes that "[r]ules of grammar do not definitively resolve the issue." *United States v. Sanchez*, No. 08-CR-0017 (CPS), 2008 U.S. Dist. LEXIS 35460, at *9 (E.D.N.Y. Apr. 30, 2008). Judge Sifton pointed out in *Sanchez* that the *The Chicago Manual of Style* provides that an "adverb should generally be placed as near as possible to the word it is intended to modify." *Id.* at *9 (quoting *The Chicago Manual of Style* 185 (15th ed. 2003)). This stylistic rule suggests that "knowingly" as an adverb modifies only the immediately following verbs, "transfers, possesses, or uses." On the other hand, as Judge Sifton also noted, the Model Penal Code states that "[w]hen the law defining an offense prescribes the kind of culpability that is sufficient for the commission of an offense, without distinguishing among the material elements thereof, such a provision shall apply to all the material elements of the offense, unless a

contrary purpose plainly appears." *Id.* at *9-10 (quoting *Model Penal Code* § 2.04(4) (1985)). Judge Hornby selected a third approach in which "knowingly" modifies "transfers, possesses, or uses" and "without lawful authority," but not "a means of identification of another person." *Godin*, 489 F. Supp. 2d at 120.  This is not a case where parsing the sentence structure leads to an obvious result.

The judicial disagreement is bottomed on differing emphases.  One line of authority stresses the impact on the victim and apparent purpose of the statute.  Under this reasoning, the courts note that Congress intended, by enacting § 1028A, to protect individuals from identity theft by enhancing the punishment of identify thieves and emphasizing that the victim is no less victimized if the perpetrator did not actually know that the false identification belonged to another person.  As Judge Hornby observed, "[t]hat Maine resident was a victim of identity theft, whether Godin knew that she was stealing his identity or not."  *Godin*, 489 F. Supp. 2d at 121. To require that the Government prove beyond a reasonable doubt that a defendant knew within the narrow legal definition of that term that the false identification belonged to another person would impose a significant evidentiary hurdle to convictions under § 1028A; it will presumably be the exceptional case where the Government has proof of the defendant's actual knowledge of this fact.  There is no evidence in the legislative history of this statute that Congress intended its reach to be so constrained.  H.R. Rep. No. 108-528, *reprinted in* 2004 U.S.C.C.A.N. 779.

The other line of authority focuses on the defendant.[4]  Since the statute is ambiguous, some courts stress what the Government must prove to make a case for an enhanced penalty, and they highlight the unfairness of imposing a mandatory consecutive prison term on a defendant who may not have actually known that the false identification belonged to another person.  In

---

[4] Construing an ambiguous criminal statute in favor of the defendant is consistent with the rule of lenity.  *See United States v. Santos*, No. 06-1005, 2008 U.S. LEXIS 4699 (June 2, 2008).

*Sanchez*, for example, after finding that the statute ambiguous, Judge Sifton resorted to legislative history, the enhanced penalty provision, and the rule of lenity to conclude that the government must prove that the defendant knew that the documents belonged to someone else.[5] 2008 U.S. Dist. LEXIS 35460, at *18-19.

A third approach is to analyze the general structure of the statutory scheme, comparing § 1028A with § 1028. Knowing possession of fraudulent identification documents is criminalized in § 1546. It requires the proof that the defendant possessed the false document "knowing it to be forged, counterfeited, altered, or falsely made . . . ." 18 U.S.C. § 1546(a). Section 1028 then criminalizes fraud and related activity in connection with the possession of false identification documents; depending upon the offender's use of the document, he is subject to a wide variety of penalties. *Id.* § 1028. For example, a person using fraudulent identification to facilitate an act of terrorism is subject to imprisonment for not more than thirty years, while a person doing so to facilitate a drug trafficking offense faces not more than twenty years. *Id.* § 1028(b)(3), (4). However, if the fraudulent use is more benign, the defendant is subject to a maximum period of incarceration of five years. *Id.* § 1028(b)(2). Thus, § 1546 already criminalizes the possession of false identification that the defendant knows to be false, and § 1028 enhances penalties if the defendant uses the false identification to perpetrate a fraud.

Section 1028A does something different. Before imposing a mandatory two year consecutive prison term, eliminating the possibility of probation, and forbidding consideration of the separate sentence for the underlying offense, § 1028A requires that the identification be that of "another person." But, a person could merely possess the identification of another person and not be subject to the provisions of § 1028A. Section 1028A also requires that the identification

---

[5] Judge Sifton observed that each example of identity theft in the House Judiciary Committee Report on identity theft involved instances where "the offender knew that the means of identification belonged to an actual person." *Sanchez*, 2008 U.S. Dist. LEXIS 35460, at *14.

be used "during and in connection with" an enumerated felony violation.  To violate § 1028A, the person must possess false identification, the false identification must be of another person, and the person must actually use the false identification in the commission of another felony.

Congress has determined that a person who uses someone else's identity while committing a felony deserves an enhanced penalty.  Here, the congressional emphasis on the victim, together with the narrowness of the circumstances in which the statute may be applied, creates additional protections for the potential defendant.  The defendant who does not actually know that the false identification he possessed belongs to another person will not be subject to prosecution so long as he otherwise obeys the law.[6]  By enacting § 1028A, Congress recognized that a person's possession of someone else's identification while committing a crime poses a separate and higher risk to the person whose identify has been misused and by extrapolation to society at large.

The Court joins Judge Hornby in concluding that the "knowingly" requirement does not apply to the defendant's knowledge about whether the false identification he possessed belonged to another person.[7]

---

[6] In most contexts, the requirement that a defendant possess the identification during and in relation to an enumerated felony is a significant restriction.  A citizen could possess a false identification of another person and not be subject to prosecution under § 1028A, so long as he or she did not, for example, use the false identification in an attempt to purchase a firearm or commit a theft from an employee benefit plan.  18 U.S.C. § 1028A(c)(1), (3).  The potential reach of the statute is much broader as regards illegal aliens, who commit an enumerated felony by their illegal presence in the Country and who often possess false identification to avoid enforcement of this Country's immigration laws.  Such persons are subject to the enhanced penalty under § 1028A, even though their felony does not require active participation in another crime, such as wire fraud or embezzlement by a bank employee.  *See e.g.*, 18 U.S.C. § 1028A(c)(2), (6), (7), (9), (10).  Applied to immigration cases, § 1028A could admittedly cut a wide swath; nevertheless, it is clear from the enumerated felonies in subsection (c), many of which are immigration offenses, that Congress intended to include a broad range of immigration offenses within the scope of § 1028A.

[7] Mr. Estrada-Sanchez also relies upon a D.C. circuit interpretation of the language of § 1028A(a)(2), which states:
> Whoever, during and in relation to any felony violation enumerated in section 2332b(g)(5)(B), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person or a false identification document shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 5 years.

18 U.S.C. § 1028A(a)(2).  The D.C. Circuit found, in *Villanueva-Sotelo*, after the Government conceded the fact, that the knowledge requirement applies to the whole phrase "false identification document." *Villanueva-Sotelo*, 515

## III.   CONCLUSION

The Court <u>DENIES</u> the Defendant's Motion to Dismiss Count Five of the Indictment for Failure to State an Offense (Docket # 18) and his Motion to Dismiss Count Five of Indictment as Discovery Indicates a Failure of Proof as to an Essential Element of the Crimes Charged (Docket # 19).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2008

---

F.3d at 1239-40.  In this case, the Government has made no such concession and there is no similar First Circuit precedent on the subject.